UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARK AXINN, Chairperson of the Libertarian
Party of New York, *et al.*,

          Plaintiffs,  **MEMORANDUM AND ORDER**

    - against -

                  14-CV-5709 (SLT)(SMG)

NEW YORK STATE BOARD OF ELECTIONS,
*et al.*,

          Defendants.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

  In an electronic order dated October 6, 2014, this Court granted a motion by the Attorney General of the State of New York to intervene in this action. This Court noted that since this action challenges that constitutionality of section 7-104(4)(c) of New York Election Law, the Attorney General has a statutory right to intervene. *See* 28 U.S.C. § 2403.

  In a two-page letter dated October 6, 2014, plaintiffs move for reconsideration. They allege that Eric T. Schneiderman—the Attorney General of the State of New York—"seeks to intervene on behalf of no state agency or state official," "intervenes solely at his discretion" and is doing so here "to benefit his electoral chances." Letter to Hon. Sandra L. Townes from Deborah N. Misir, dated Oct. 7, 2014, p. 2. In support of the latter contention, plaintiffs assert that if N.Y. Election Law §7-104(4) were declared unconstitutional, Mr. Schneiderman's opponent in the upcoming election would "have a separate line under the Stop Common Core party." *Id.*, p. 1. They argue that Mr. Schneiderman "should have recused himself from this action," and imply that his decision to intervene violates New York State ethics laws which prohibit a State official from using or attempting to use their official position to "secure

unwarranted privileges or exemptions for himself or others." *Id.*, p. 2 (quoting N.Y. Pub. Off. Law § 74(3)(d)).

Preliminarily, this Court notes that the standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

In their motion for reconsideration in this case, plaintiffs do not cite to any controlling decisions. They cite only to a single provision of the State's ethics laws and to an advisory opinion issued by the State Ethics Commission. In addition, plaintiffs provide no affidavits, but rely on assertions which are either incorrect or unsubstantiated.

First, the suggestion that Mr. Schneiderman has elected to intervene on his own behalf, rather than in his representative capacity, is simply incorrect. As the Attorney General noted in its motion to intervene, the Attorney General "has a duty to support the constitutionality of challenged state statutes." *See*, *e.g.*, *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976); *Sabin v. Nelson*, No. 7:12-cv-1373 (GLS/DEP), 2014 WL 2945770, at *2 (N.D.N.Y. Jun. 30, 2014); *Ulrich v. Mane*, 383 F. Supp. 2d 405, 410 (E.D.N.Y. 2005). Moreover, when the Attorney General intervenes pursuant to this duty, he acts "as a representative of the State's interest in asserting the validity of its statutes," not as a party to the action. *Mendez*, 530 F.2d at 460.

Second, plaintiffs offer no cites or evidence to substantiate the proposition that the Attorney General sometimes elects not to intervene in cases challenging the constitutionality of State statutes. In his motion to intervene, the Attorney General acknowledges that he "as a

2

constitutional officer has a statutory duty to represent the interests of the State by defending the constitutionality of the challenged statutory provision," regardless of "[w]hatever personal electoral interests" he himself may have. Letter to Hon. Sandra L. Townes from Special Litigation Counsel John M. Schwartz, dated Oct. 3, 2014, p. 3 (brackets added). Although plaintiffs assert that "there are many election law cases in which Mr. Schneiderman has chosen not to intervene," Letter to Hon. Sandra L. Townes from Deborah N. Misir, dated Oct. 6, 2014, p. 2, they do not cite to any such cases or indicate that those cases involved challenges to the constitutionality of State statutes.

Third, plaintiffs offer no proof to substantiate the claim that Mr. Schneiderman himself would benefit from an order upholding the constitutionality of N.Y. Election Law § 7-104(4)(c). Specifically, plaintiffs offer no evidence that Mr. Schneiderman's opponent, John Cahill, is the nominee of an independent body called the "Stop Common Core Party." Indeed, this Court notes that Mr. Cahill—like defendant Lally—is listed on both the Republican and Conservative Party lines of the sample ballot which is attached as Exhibit 1 to the Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, but that no "bugs" appear on either line.

In light of the foregoing, this Court finds the argument that the Attorney General violated State ethics rules by choosing to intervene in this action solely "to benefit his electoral chances," Letter to Hon. Sandra L. Townes from Deborah N. Misir, dated Oct. 6, 2014, p. 2, to be entirely unsubstantiated. Moreover, plaintiffs offer no arguments to rebut the proposition that the Attorney General is statutorily entitled to intervene, regardless of whether the incumbent

Attorney General might have a conflict of interest that would prevent him from participating in the litigation himself. Accordingly, plaintiffs' motion for reconsideration is denied.

## *CONCLUSION*

For the reasons stated above, Plaintiffs' motion for reconsideration is denied.

**SO ORDERED**.

/s/
SANDRA L. TOWNES
United States District Court

Dated: October 8, 2014
Brooklyn, New York